UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GINA BARBARA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff(s)<br><br>- against -<br><br>CVS ALBANY, L.L.C.<br><br>Defendant | 23 Civ. 3298<br><br>**COMPLAINT**<br><br><br><br>**JURY DEMAND** |

Plaintiff, GINA BARBARA, by and through his counsel, James E. Bahamonde, Esq. from the Law Offices of James E. Bahamonde, PC, hereby files this Complaint and respectfully alleges against Defendant:

**NATURE OF THE CASE**

1. In violation of well-settled, 32-year-old law, Defendant has chosen a policy to stack retail merchandise on the floor in the middle of its retail aisles, which prevents Plaintiff, and all others similar situated, from having access to or use of Defendant's public accommodation. Since 2022, Plaintiff has made multiple complaints to store employees and CVS' corporate office. However, other than their verbal acknowledgment of the problem, nothing has changed.

2. Left with no other alternative, Plaintiff now files this putative class action to enjoin Defendant from continuing their unlawful policy, which exclude Plaintiff and all other persons who use wheelchairs or scooters from having unobstructed access to or use of merchandise and services offered by CVS.

3. Plaintiff files this action on behalf of herself and for those similarly situated,

1

complaining of Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 (hereinafter "ADA"), New York State Human Rights Law § 296, New York State Civil Rights Law, and Nassau County Administrative Code § 21-9.8 *et seq*.

4.  Plaintiff seeks damages, declaratory and injunctive relief, as well as fees and costs against the Defendant.

## VENUE AND JURISDICTION

5.  The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

6.  The jurisdiction of this court is invoked pursuant to 28 U.S.C. Sections 1331 and 2201 and through the Americans with Disabilities Act, 42 U.S.C.A. § 12181 et seq.

7.  The Court has supplemental jurisdiction over Plaintiff's allegations arising from Defendant's state and local law violations pursuant to 28 U.S.C. § 1367(a).

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, alleged herein, occurred in this district

## PARTIES

9.  That at all times hereinafter mentioned, Plaintiff is now, and at all times mentioned in this complaint, a resident of Nassau County New York, New York.

10. Defendant CVS ALBANY, L.L.C. is a New York domestic limited liability company authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as Albany County.

11.     Defendant operates and leases a place of public accommodation located at 2660 Jerusalem Ave., North Bellmore, NY.

## CLASS ACTION

12.     Plaintiff brings this suit for declaratory and injunctive relief and, pursuant to F.R.C.P. 23, as a class action for all those similarly situated, who, as persons who are disabled, and who use or desire to use the services and accommodations offered to the public by Defendant, are protected by, and are beneficiaries of, the ADA, state and local laws.

13.     Plaintiff, complaining for herself and all other residents in the State of New York, similarly situated, alleges: (a) the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; (b) there are questions of law or fact common to the class which predominate over any questions affecting only individual members; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (d) the representative parties will fairly and adequately protect the interests of the class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## STATUTORY SCHEME

14.     The 2020 United States Census indicates that more than 61 million persons in the United States have a disability.

15.     The ADA, New York State Human Rights Laws, and Nassau County Administrative Code recognizes individuals with disabilities as a protected class.

16.     It is unlawful for a private entity which owns, leases to or operates a place of public

accommodations to discriminate against an individual with a disability.

17. The ADA, New York State Human Rights Law, and New York City Human Rights Law requires a public accommodation to be readily accessible to and usable by a disabled individual.

18. Public accommodations have a continuous legal obligation to adopt policies and remove all readily achievable barriers which denies a disabled individual with the opportunity to participate in or benefit from services or accommodations.

19. Failure to remove all readily achievable architectural barriers is defined as disability discrimination in violation of the ADA and New York State Human Rights Law.

20. The ADA requires a public accommodation to make reasonable modifications to the policies, practices, or procedures to afford access to persons with disabilities that is equal to the access afforded to individuals without disabilities.

21. Discriminatory intent is not required to establish liability under the ADA, New York State Human Rights Laws, and Nassau County Administrative Code.

## FACTUAL BACKGROUND

22. Plaintiff has a neurological disability and cannot walk without assistance. As a result, she uses a wheelchair for mobility.

23. Defendant CVS ALBANY, L.L.C. owns or operates a public accommodation named CVS located at 2660 Jerusalem Ave., North Bellmore, NY.

24. Several times in 2022 and 2023, Plaintiff entered Defendant's public accommodation, but was unable to readily traverse the retail aisles because Defendant has a policy to stack retail merchandise on the floors of its retail aisles, which creates unlawful barriers that

prevents an accessible route.

25. The placement of retail merchandise on the floors between and around the retail aisles prevents Plaintiff from having unobstructed access throughout the retail aisles and access to the retail merchandise located on the shelves.

26. As a result of Defendant's policy of stacking retail merchandise on the floor between and around the retail aisles, Defendant does not provide sufficient maneuvering clearance and turning radius around the retail aisles.

27. As a result of Defendant's policy of stacking retail merchandise on the floor between and around the retail aisles, Defendant does not provide an accessible path of travel throughout its store.

28. Consequently, Plaintiff, and all others simile situated, were unable to readily traverse the retail aisles and access the merchandise on the shelves.

29. Upon information and belief, from 1992 through March 14, 2012, Defendant's public accommodation has undergone alterations to the areas which affects or could affect access to or usability of its place of public accommodation.

30. Upon information and belief, Defendant has made construction and accessibility alterations to the commercial space which houses its public accommodation on or after March 15, 2012.

31. Features of Defendant's public accommodation inaccessible to Plaintiff, and others similarly situated, are including but not limited to:

    a. Defendant does not provide at least one accessible route within their public accommodation in violation of the 2010 Standards § 206.2.1;

  b. Defendant consistently provides insufficient maneuvering clearance throughout its retail aisles;
  c. Defendant does not provide an accessible path of travel through its retail aisles in violation of 28 CFR 36.403;
  d. The retail aisles at Defendant's public accommodation does not have sufficient clear width of walking surface in violation of ADA Accessibility Guidelines, Appendix D to Part 1191 § 403.5 .1;
  e. Numerous retail aisles at Defendant's public accommodation have less than 36 inches of clear width of walking surface.
  f. There is insufficient maneuvering clearance to navigate the retail aisles in violation of the 1991 Standards § 4.13.6, Fig. 25; 2010 Standards § 404.
  g. There does not exist proper turning radius, maneuvering clearance, and accessible route to enter the public use bathrooms in violation of the 2010 Standards §§ 304, 305 and 402.

32. Plaintiff resides less than 1.1 miles from Defendant's public accommodation and is frequently near Defendant's public accommodation.

33. Plaintiff regularly fills her prescription medication at Defendant's public accommodation located at 2660 Jerusalem Ave., North Bellmore, NY.

34. The removal of existing unlawful barriers is readily achievable.

35. To date, Defendant has failed to remove the unlawful barriers to accessibility.

36. Plaintiff is deterred from visiting Defendant's noncompliant accommodation because of the existing accessibility barriers.

37. Plaintiff has the intention to return to Defendant's public accommodation once it becomes readily accessible to and usable.

**FIRST CAUSE OF ACTION**
**(Violations of the Americans with Disabilities Act)**

38. Plaintiff is a qualified individual with a disability as that term is defined by the ADA.

39. Defendant's retail store and pharmacy is located at 2660 Jerusalem Ave., North Bellmore, NY, is a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181; 28 C.F.R. § 36.104, and New York State Human Rights Law § 292(9).

40. Defendant CVS ALBANY, L.L.C. owns a place that houses a public accommodation named CVS located at 2660 Jerusalem Ave., North Bellmore, NY.

41. Defendant owns and leases a public accommodation named CVS located at 2660 Jerusalem Ave., North Bellmore, NY.

42. Defendant has failed to make adequate accommodations and modifications to its public accommodation located at 2660 Jerusalem Ave., North Bellmore, NY.

43. Defendant has denied Plaintiff, and all others similarly situated, the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals in violation of 42 U.S.C. § 12182(b)(1)(A)(i).

44. Defendant has subjected Plaintiff, and all others similarly situated, on the basis of their disability, directly, or through contractual, licensing, or other arrangements, denial of the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Defendant in violation of 42 U.S. Code § 12182(b)(1)(A)(i).

45. Defendant has afforded Plaintiff, and all others similarly situated, on the basis of their disability, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or

accommodation that is not equal to that afforded to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

46. There exist readily achievable modifications which would make Defendant's public accommodation accessible and readily usable by Plaintiff and all others similarly situated.

47. Defendant failed to make the necessary readily achievable modifications to its public accommodation.

48. Upon information and belief, since 1992, Defendant's public accommodation has undergone alterations to the areas which affects or could affect access to or usability of its place of public accommodation.

49. It is not impossible for Defendant to remove the accessibility barriers which exist at its public accommodation.

50. Defendant failed to design and construct its public accommodation that is readily accessible to and usable by Plaintiff in violation of 42 U.S. Code § 12183(a)(1).

51. It is not structurally impracticable for Defendant's public accommodation to be accessible.

52. Defendant failed to alter its public accommodation to the maximum extent feasible in violation of 42 U.S. Code § 12183(a)(2).

53. Defendant's public accommodation is not fully accessible to, or readily useable by individuals with disabilities.

54. Defendant has discriminated against Plaintiff, and all others similarly situated, on the basis of their disability, in the full and equal enjoyment of the goods, services, facilities,

privileges, advantages, or accommodations of its public accommodation in violation of 42 U.S. Code § 12182(a).

55. Defendant has not afforded Plaintiff, and all others similarly situated, the goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate in violation of 42 U.S. Code § 12182(b)(1)(B).

56. Defendant has denied Plaintiff, and all others similarly situated, the opportunity to participate in such program or activities that is not separate or different in violation 42 U.S. Code § 12182(b)(1)(C).

57. Defendant has imposed or applied an eligibility criterion that screened out or tended to screen out Plaintiff, and all others similarly situated, from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations being offered in violation of 42 U.S. Code § 12182(b)(2)(A)(i).

58. Defendant has failed to make reasonable modifications in their policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiff in violation of 42 U.S. Code § 12182(b)(2)(A)(ii).

59. Defendant should have achieved accessibility by January 26, 1992.

60. The barriers to access Defendant's public accommodation continue to exist.

61. Reasonable accommodations exist which do not impose an undue hardship on the operation of the Defendant's program or activity.

62. Reasonable accommodations could be made which do not fundamentally alter the nature

of the Defendant's program or activity.

## SECOND CAUSE OF ACTION
**(Violations of New York State Human Rights Law)**
(Injunctive Relief and Damages on Behalf of Plaintiff)

63. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

64. Plaintiff is an individual with a disability as that term is defined by New York State Human Rights Law.

65. Defendant owns, operates, or leases a public accommodation within the meaning of New York State Human Rights Law § 292(9).

66. Defendant has not provided Plaintiff and others similarly situated with evenhanded treatment in violation of New York State Human Rights Law § 296.

67. Defendant's direct or indirect unevenhanded treatment of Plaintiff and others similarly situated is demonstrated when he was segregated from all other customers.

68. Defendant has, because of Plaintiff's disability, directly or indirectly, refused, withheld from or denied Plaintiff any of the accommodations, advantages, facilities or privileges of their public accommodation.

69. Defendant has demonstrated that the patronage or custom thereat of Plaintiff and others similarly situated, is unwelcome, objectionable or not acceptable, desired or solicited.

70. Defendant and its agents discriminated against Plaintiff in violation of New York State Human Rights Law § 296.

71. Defendant discriminated against Plaintiff by creating, fostering, and otherwise failing to prevent or remedy the discrimination against Plaintiff, in violation of New York State Human Rights Law § 296.

72. As a direct and proximate result of the disability discrimination perpetrated by Defendant in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including humiliation, mental anguish, stress, headache and attendant bodily injury, violation of his civil rights, loss of dignity, embarrassment, anxiety, loss of self-esteem and self-confidence, and otherwise sustained injury.

**THIRD CAUSE OF ACTION**
**(Violation of New York State Civil Rights Law)**
(Statutory Damages on Behalf of Plaintiff)

73. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

74. On the basis of Plaintiff's disability, Defendant has violated her Civil Rights.

75. Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law § 40-c and 40-d, in the amount of $500 for each and every violation.

76. Pursuant to NY Civil Rights law, Defendant is guilty of a class A misdemeanor.

77. Notice of the action has been served upon the Attorney-General as required by Civil Rights Law § 40-d.

**FOURTH CAUSE OF ACTION**
(Violations of Nassau County Administrative Code)

78. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

79. Plaintiff is an individual with a disability as that term is defined by Nassau County Administrative Code.

80. Defendant demonstrates that their accommodation, advantages, facilities and privileges shall be refused, withheld from or denied to Plaintiff and all others similarly situated on account of actual or perceived disability.

81. On the basis of Plaintiff's disability, Defendant demonstrates that the patronage of Plaintiff is unwelcome, objectionable, or not acceptable, desired or solicit.

82. On the basis of Plaintiff's disability, Defendant has directly or indirectly, refused, withheld from or denied Plaintiff with similar accommodations, advantages, facilities or privileges as offered to individuals who are not disabled.

## FIFTH CAUSE OF ACTION
### (Declaratory Relief)

83. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

84. Plaintiff is entitled to a declaratory judgment concerning the violations committed by Defendant specifying the rights of Plaintiff and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services provided by Defendant.

## INJUNCTIVE RELIEF

85. Plaintiff and others similarly situated will continue to experience unlawful discrimination as a result of Defendant's failure to comply with fed New York State Human Rights Laws and Title III of the ADA, and Nassau County Administrative Code, therefore, injunctive relief is necessary to order Defendant to alter and modify their facility, policies, practices, and

procedures.

86. Issue a permanent injunction enjoining Defendant from disability discrimination.

87. Issue a permanent injunction ordering Defendant to alter its facility to make such facility readily accessible to and usable by individuals with disabilities.

88. Issue a permanent injunction requiring Defendant to make all necessary modifications to Defendant's policies or practices so that Plaintiff and other persons similarly situated will not be subject to further unlawful discrimination.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court entered a judgment in her favor containing the following relief:

A. Certify this case as a class action;

B. Enter declaratory judgment specifying Defendant's conduct as alleged here has violated, and continues to violate, Title III of the ADA, New York State law, Nassau County Administrative Code, and its implementing regulations and declaring the rights of plaintiff and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services offered by Defendant to the public.

C. Issue a permanent injunction 1) proscribing disability discrimination, 2) requiring Defendant to alter its facility making such facility readily accessible to and usable to individuals with disabilities, and 3) compelling Defendant to make all necessary modifications to Defendant's policies or practices so that Plaintiff will not be

subject to further discrimination in accordance with New York State Human Rights Laws, and Title III of the ADA.

D. Award Plaintiff the mandatory, minimum, statutory damages of $5000 from each Defendant for their violations of Nassau County Administrative Code § 21-9.8.

E. Pursuant to New York State Civil Rights Law § 40-c and 40-d, hold Defendant liable for $500 for *each* violation.

F. Pursuant to New York State Civil Rights Law § 40-d, find Defendant guilty of a class A misdemeanor for violating New York State civil rights law.

G. The Court retain jurisdiction over the Defendant until the Court is satisfied that the Defendant's unlawful practices, acts and omissions no longer exist and will not reoccur.

H. Award Plaintiff actual damages as a result of Defendant's violation of New York State Human Rights Laws.

I. Award Plaintiff compensatory damages in the amount of $5,000 from each Defendant for their violation of New York State Human Rights Laws.

J. Find that Plaintiffs are a prevailing party in this litigation and award reasonable attorney fees, costs and expenses.

K. For such other and further relief, at law or in equity, to which the Plaintiff and other persons similarly situated may be justly entitled.

***********************

Dated: May 1, 2023

                          LAW OFFICES OF JAMES E. BAHAMONDE, P.C.

                            /s/ James E. Bahamonde

                            JAMES E. BAHAMONDE, ESQ.
                            Attorney for the Plaintiff(s)
                            Tel: (646) 290-8258
                            Fax: (646) 435-4376
                            E-mail: James@CivilRightsNY.com