UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GINA BARBARA,<br><br>                            Plaintiff<br><br>- against -<br><br>CVS ALBANY, L.L.C.,<br><br>                            Defendant | 23cv3298 (JMA)(JMW) |

## ORDER ~~STIPULATION~~ CONCERNING PROTOCOL FOR CONDUCTING REMOTE DEPOSITIONS

The Plaintiff and Defendant (collectively, the "Parties") jointly stipulate to the following protocol for conducting depositions via remote means in the above-captioned manner:

1. Depositions may be conducted remotely using videoconference technology, and each deponent may be video-recorded.

2. The Parties agree to use Lexitas, or another court reporting service selected by a party, for court reporting and remote deposition services. The Parties agree that an employee of the court reporter may attend each remote deposition to troubleshoot any technological issues that may arise, and administer the virtual breakout rooms.

3. The Parties agree that these remote depositions may be used at a trial or hearing to the same extent that an in-person deposition may be used at trial or hearing, and the Parties agree not to object on the basis that the deposition was taken remotely. The Parties reserve all other objections to the use of any deposition testimony at trial.

4. The deponent, court reporter, counsel for the Parties and the party representative may participate in the videoconference deposition remotely and separately. The party producing the

deponent may, if it chooses, participate in the same location as the deponent; and counsel may be in the same location as their client. If a deponent (including the parties) chooses to have their counsel present, then the other party may insist that they will also be present in-person. Each person attending a deposition shall be visible to all other participants, their statements shall be audible to all participants, and they should each strive to ensure their environment is free from noise and distractions.

5. Consistent with Local Rule 30.4, no counsel shall initiate a private conference, including through text message, electronic mail, or the chat feature in the videoconferencing system, with any deponent while a question is pending, except for the purpose of determining whether a privilege should be asserted.

6. During breaks in the deposition, the Parties may use the breakout room feature provided by court reporter, , which simulates a live breakout room through videoconference. Conversations in the breakout rooms shall not be recorded. The breakout rooms shall be established by the court reporter prior to the deposition and controlled by the court reporter.

7. The court reporter will not be physically present with the witness whose deposition is being taken. The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides.

8. The court reporter will stenographically record the testimony, and the court reporter's transcript shall constitute the official record.

9. The Parties agree that the court reporter is an "Officer" as defined by Federal Rule of Civil Procedure 28(a)(2) and shall be permitted to administer the oath to the witness via the videoconference. The deponent will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on the remote video.

10.     The Party that noticed the deposition shall be responsible for procuring a written transcript of the remote deposition.

11.     The Party that noticed the deposition shall provide the court reporter with a copy of this Stipulation.

12.     At the beginning of each deposition, consistent with Rule 30(b)(5)(A) of the Federal Rules of Civil Procedure, the court reporter employee responsible for creating a stenographical record of the deposition shall "begin the deposition with an on-the-record statement that includes: (i) the officer's name and company affiliation; (ii) the date, time, and place of the deposition; (iii) the deponent's name; (iv) the officer's administration of the oath or affirmation to the deponent; and (v) the identity of all persons present."

13.     The Parties agree to work collaboratively and in good faith with the court reporter to assess each deponent's technological abilities and to troubleshoot any issues at least 48 hours in advance of the deposition so any adjustments can be made. The Parties also agree to work collaboratively to address and troubleshoot technological issues that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues. This provision shall not be interpreted to compel any Party to proceed with a deposition where the deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent.

14.     Every deponent shall endeavor to have technology sufficient to appear for a remote deposition (*e.g.*, a webcam and computer or telephone audio), and bandwidth sufficient to sustain the remote deposition. Counsel for each deponent shall consult with the deponent prior to the deposition to ensure the deponent has the required technology. If not, counsel for the deponent shall endeavor to supply the required technology to the deponent prior to the deposition. In the

case of third-party witnesses, counsel noticing the deposition shall supply any necessary technology that the deponent does not have.

15. The Parties agree that this Stipulation applies to remote depositions of non-parties under Rule 45 and shall work in a collaborative manner in attempting to schedule remote depositions of non-parties. The Party noticing any third- party deposition shall provide this Stipulation to counsel for any non-party under Rule 45 a reasonable time before the date of the deposition.

16. The Parties agree that any of the following methods for administering exhibits may be employed during a remote deposition, or a combination of one or more methods:

   a. Counsel noticing the deposition may choose to email copies of documents that may be used during the deposition to the court reporter. . Such documents shall be delivered by 9:45am ET the day of the deposition. The court reporter shall confirm receipt of the package by electronic mail to Counsel noticing the deposition. If physical copies are mailed, every recipient of a mailed package shall keep the package sealed until the deposition begins and shall only unseal the package on the record, on video, and during the deposition when directed to do so by the counsel taking the deposition. This same procedure shall apply to any physical copies of documents any other counsel intends to use for examining the witness.

   b. Counsel noticing the deposition may choose to send a compressed .zip file of the documents that may be used during the deposition via email to the deponent, the deponent's counsel, the other Party's counsel, and the court reporter. The .zip file shall be delivered by 9:45 AM ET the day of the deposition. Counsel for the deponent, the other Party's counsel, and the court reporter shall confirm receipt of the .zip file by electronic mail to Counsel noticing the deposition. The .zip file shall be password

protected, and counsel taking the deposition shall supply the password via electronic email immediately prior to the commencement of the deposition. Every recipient of a .zip file shall not open the .zip file until the deposition begins and when directed to do so by the counsel taking the deposition. If sending documents by electronic mail, counsel will be mindful of file size limitations, which presumptively should be less than 50 MB.

c.  Counsel may introduce exhibits electronically during the deposition, by using the court reporter's document-sharing technology, by using the screen- sharing technology within the videoconferencing platform, or by sending the exhibit to the deponent and all individuals on the record via electronic mail.

17. Counsel for the Parties may keep any document or exhibit used during the deposition consistent with the Stipulated Protective Order entered in this case.

18. Counsel noticing the deposition shall provide any counsel for third-party witnesses with a copy of the Parties' Stipulated Protective Order. Counsel for third-party witnesses may keep any document used during the deposition in accordance with the Stipulated Protective Order, and shall return any documents not used during the deposition to the Counsel who sent them originally, within two business days following the completion of the deposition, and shall not retain them in any manner.

Dated: November 17, 2023

/s/ James M. Wicks
Honorable James M. Wicks
United States Magistrate Judge
Eastern District of New York