Law Offices of
# JAMES E. BAHAMONDE, P.C.

2501 Jody Court
North Bellmore, NY 11710
Long Island Tel. (516) 783-9662
New York City Tel. (646) 290-8258
Fax No. (646) 435-4376

April 19, 2024

**BY ECF**

Hon. James M. Wicks
Eastern District of New York
Long Island Courthouse
Central Islip, NY 11722

Re.     ***Barbara v. CVS Albany, L.L.C.,***
***23cv3298 (JMA)(JMW)***

Dear Magistrate Judge Wicks:

I represent the plaintiff in the above referenced action and am writing in opposition to Defendant's letter motion seeking a protective order (*see*, Dkt. #27).

Plaintiff commenced this action alleging Defendant's failure to remove unlawful barriers in order to keep a clear path of travel for disabled customers throughout its store and to its merchandise, along with Defendant's unlawful discriminatory policies and practices. These include, but are not limited to, positioning movable displays in a manner that obstructs the legally-required accessible route to self-service shelves, and CVS's continuous and consistent creation of barriers that impede the mandated accessible path to the shelves and customer aisles. For years, Defendant has had an unlawful practice of constantly creating barriers at its store, and impeding accessible routes to shelves and in store aisles by placing movable displays against the shelving. Also, contrary to Defendant's assertion in its Motion, does not allege a violation of ADAAG Section 308, which relates to reach range.

During discovery in this matter, Plaintiff has requested Defendant to identify all former and current persons employed as a store associate at Store 2134 from 2021 to the present as well as the date of employment, for the purpose of depositions. This discovery is essential for matters such as witness cross-examination and impeachment, as well as to establish the nature and extent of any potential biases of the store manager and the corporate witnesses designated by Defendant: Michael Romero, Store Manager; Danielle Cyr, Senior Manager, Store Operations; and Margarita Shaulov, the District Leader. Furthermore, though not related to Defendant's motion for protective order, Plaintiff also seeks the hourly salary of their current employees who are responsible for receiving and stocking merchandise, and for keeping and maintaining accessible routes in store aisles. This information is relevant because Plaintiff has the burden of demonstrating the labor cost of removing or relocating the movable floor displays used by CVS. *See*, *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 373 (2d Cir. 2008) (plaintiff must articulate a

plausible proposal for barrier removal, 'the costs' of which, facially, do not clearly exceed its benefits).

During discovery, Plaintiff learned that CVS has multiple disability and accessibility related policies concerning keeping a clear path to travel to all merchandise. Also, the designated corporate witnesses of CVS have made the conclusory claim that Defendant requires its employees, including managers and store associates, to receive disability and accessibility-related training. Despite this, Defendants have refused to identify any of its former or current store associates, or disclose a list of disability and/or accessibility training received by its managers or store associates.

During deliveries and restocking, Defendant has a written policy to only take merchandise from the backroom that is being restocked to the sales floor and customer aisles. Defendant also has a policy to keep a clear path to travel to all merchandise. In spite of these purported policies, Plaintiff has taken a total of 71 photographs -- not hundreds, as Defendant exaggerates -- of unlawful barriers throughout the store.

Furthermore, Ms. Shaulov and Ms. Cyr testified that they are rarely at the subject store. Similarly, Mr. Romero, who started working at the store in July 2023, testified he is not always present there either.[1] Accordingly deposing former employees who were responsible for receiving deliveries, restocking and keeping the sales floor clear of obstructions would reveal Defendant's actual policy, practice and procedure related to restocking, deliveries, supervision, the training received, and whether the alleged written policies were enforced.

Additionally, it appears those policies have either not been taught, or are consistently ignored, because the existence of accessibility barriers have been a persistent and recurring issue within the store. Although Mr. Romero acknowledged that there is sufficient space in the back room for all the store's deliveries of merchandise, and Defendant has a policy that only merchandise being restocked should be taken out of the back room, Plaintiff has taken photographs demonstrating otherwise.

On April 10, 2024, Defendant moved for a protective order to forbid the disclosure and discovery related to former and current Store Associates of CVS, as well as their depositions. Defendant argues that the information sought is not relevant to, or reasonably likely to lead to, the discovery of admissible evidence, is duplicative, and imposes an undue burden on the employees and Defendant. Further, Defendant claims that there is no dispute over the alleged barriers and agrees its policies have not always been followed, but contends its policies and practices comply with the ADA. Additionally, Defendant argues that some of the existing barriers were merely "temporary" obstructions in access, but claims that this practice is permitted by the ADA.

Rule 26(b)(1) permits parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ.

---

[1] Store is open for 112 hours a week.

P. 26(b)(1). Rule 26(b)(2)(C) gives the Court authority to limit the frequency and extent of discovery otherwise allowed by the Rules if it determines that, among other reasons, the discovery sought is unreasonably cumulative or duplicative. Fed. R. Civ. P. 26(b)(2)(C). Rule 26(c)(1) allows the Court to issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including forbidding the disclosure or discovery. Fed. R. Civ. P. 26(c)(1).

Discovery related to the credibility of witnesses' testimony is of the utmost importance since evaluating the state of proof requires determining what evidence and testimony is credible. *See*, *United States v. Int'l Bus. Machs. Corp.*, 66 F.R.D. 215, 218-19 (S.D.N.Y. 1974). "In measuring the credibility of a witness' testimony, it is thereby important to search out which such testimony is biased by personal motives and the force of any motives and to explore a witness' interest in the outcome of a case and the extent of that interest." *Id*.

Consequently, and as stated above, Plaintiff seeks the identity and term of employment of both former and current employees spanning a time frame from 2021 to the present, along with their depositions. This discovery is relevant because the ADA mandates that Defendant has ensured it has promulgated proper policies and procedures concerning accessibility, their employees are trained to deal with disabled individuals, and Defendant has made reasonable efforts to ensure that the aforementioned policies and procedures are properly carried out and enforced. *See*, *Camarillo v. Carrols Corp.*, 518 F.3d 153, 157 (2d Cir. 2008). Additionally, testimony extracted from former employees is far more likely to be credible than that procured from witnesses currently employed by Defendant because they have no incentive to obfuscate, omit or exaggerate material facts and information relevant to Plaintiff's claims.

Furthermore, the discovery sought by Plaintiff is not cumulative and will be used to test the credibility of the three corporate designated witnesses in highlighting any potential bias, as well as to test the conclusory statements made by Defendant's designated representative, Mr. Romero, concerning training, supervision, and enforcement of the disability and accessibility policies Defendant purports its employees follow. More specifically, each employee deposition will seek to ascertain, among other things, the training provided, supervision, amount of the merchandise brought from the back room to the customer aisles, any policies that are/were enforced, the duration any barriers were allowed, and any changes in policy or procedure which occurred after the commencement of this action.

Moreover, the discovery and depositions sought will not be unduly burdensome. First, the obligation for sitting for a deposition is not, in and of itself, burdensome. *Parimal v. Manitex Int'l, Inc.*, No. 3:19CV01910(MPS), 2021 U.S. Dist. LEXIS 94065, at *13 (D. Conn. May 18, 2021) citing *Probulk Carriers Ltd. v. Marvel Int'l Mgmt. & Transportation*, 180 F. Supp. 3d 290, 293 (S.D.N.Y. 2016). Second, the deposition of former employees will not cause any additional cost to Defendant. Third, Plaintiff has stated she does not seek to depose all current employees, and to minimize any potential disruption, has informed Defendant that she does not expect any deposition will be longer than 2 hours and agrees to depose approximately 3, but at most 4, witnesses in one day. Moreover, Plaintiff will limit the depositions to the topics of their

employment, training, enforcement of policies, deliveries, restocking, and keeping an accessible route and clear path to travel in the store.

Consequently, Plaintiff respectfully requests that the Court deny Defendant's motion for protective order and issue an order to provide the relevant discovery and permit the deposition of the former and current employees of CVS since 2001. Thank you.

Very Truly Yours,

/s/ James E. Bahamonde

James E. Bahamonde, Esq.

cc: (Via ECF)
Robert Duston
Saul Ewing
*Attorney for Defendant*