Law Offices of
# JAMES E. BAHAMONDE, P.C.

2501 Jody Court
North Bellmore, NY 11710
Long Island Tel. (516) 783-9662
New York City Tel. (646) 290-8258
Fax No. (646) 435-4376
James@CivilRightsNY.com

May 1, 2024

**BY ECF**

Hon. James M. Wicks
United States District Court
Eastern District of New York
Long Island Courthouse
Central Islip, NY 11722

       RE: *Barbara v. CVS Pharmacy Inc.,* **23cv3298 (JMA)(JMW)**

Dear Magistrate Judge Wicks:

I represent the plaintiff in the above referenced action to request a 60-day extension to the current discovery deadline of May 1, 2024. This is Plaintiff's first request for an extension. Defendant has limited its consent. See below.

  Over the last two months, both parties have diligently worked towards advancing this case forward. We have successfully completed numerous depositions and exchanged additional discovery. Next week, a deposition of a Rule 30(B)(6) corporate witness is scheduled to occur. However, there may be a need for additional depositions once a response to all discovery requests has been completed. It's also worth noting that there is a pending motion for a protective order filed by the defendant. (ECF No. 27).

  In relation to a discovery dispute related to Defendant's initial discovery responses, both parties have engaged in multiple good-faith discussions, both verbally and in writing, in an attempt to resolve the disputes and narrow the issues. Following our most recent discussion, the defendant requested more time to provide an additional response in writing. On Monday, April 29, 2024, the defendant provided Plaintiff with a detailed a 12-page single-spaced letter. We are currently in the process of reviewing the defendant's argument and are in the process of drafting a letter motion to compel, which shall be filed by May 3, 2024.

Moreover, in mid-April 2024, Plaintiff served Defendant with a Third Request for Production of Documents. The third request included a request for documents and information related to the discovery sought during the depositions of Defendant's three designated corporate witnesses. The defendant response is due in two weeks. As such, given the pending motions and outstanding discovery, the defendant will not be prejudiced by the proposed extension.

In light of the above, Plaintiff respectfully request that the Court issue an order extending the time to complete discovery to June 30, 2024, and adopt the following amended scheduling order.

- End of fact discovery: **June 30, 2024.**

- Identification of expects in chief and accompanying reports: **August 1, 2024.**

- Identification of rebuttal experts and accompanying reports: **September 1, 2024.**

- End date of all discovery: **September 30, 2024.**

- Last date to take first step for first steps for summary judgment motion practice: **October 16, 2024.**

**CVS's Limited Consent**

CVS objects to the proposed modification of the scheduling order as drafted. If the Court permits Plaintiff to conduct further discovery in response to either CVS' Motion for Protective Order, or Plaintiff's Motion to Compel, CVS acknowledges that additional time will be needed for fact discovery, but that should be limited to the issues on which the Court permits additional discovery. While the time needed cannot be determined until the parties know the scope of further discovery, CVS anticipates no more than 60 days (i.e. the proposed June 30, 2024 date). But absent a Court order on one of those two motions, Plaintiff has not justified a further two-month extension of fact discovery on any issue, or the extensions of all other deadlines, including expert deadlines. Plaintiff's service of her Third Request for Production of Documents in mid-April, with a response date two weeks after the deadline for completion of fact discovery, is not good cause for another two months of discovery from CVS.

In response to Defendant's objection, Plaintiff respectfully requests that the Court not prematurely limit the scope of future discovery. This would ensure that all parties have the opportunity to request any documents and information that is relevant or would lead to admissible evidence. Likewise, Plaintiff does not seek to hinder or limit the defendant's rights to seek a protective order or file a motion to strike.

Thank you very much for your consideration.

        Respectfully,

        /s/ James E. Bahamonde

        James E. Bahamonde, Esq.

cc:  (via ECF)
Rob Duston, Esq.
Erik P. Pramschufer, Esq.
Saul Ewing
*Attorneys for CVS ALBANY, L.L.C.*