UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

GINA BARBARA, *individually and on behalf of all others similarly situated*,

        Plaintiff,

                              **ORDER**

    -against-                      23-CV-03298 (JMA) (JMW)

CVS ALBANY L.L.C.,

        Defendant.

-------------------------------------------------------------------X

**A P P E A R A N C E S:**

James E. Bahamonde, Esq.
**James E. Bahamonde, P.C.**
2501 Jody Court
North Bellmore, NY 11710
*Attorney for Plaintiff*

Erik P. Pramschufer, Esq.
**Saul Ewing LLP**
1270 Avenue of the Americas, Suite 2800
New York, NY 10020
*Attorney for Defendant*

Robert L. Duston, Esq.
**Saul Ewing LLP**
2600 Virginia Avenue, NW, Suite 1000
Washington, DC 20037
*Attorney for Defendant*

**WICKS,** Magistrate Judge:

      Plaintiff Gina Barbara brought this action against Defendant, CVS Albany L.L.C., alleging that it violated Title III of the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law § 296, the New York State Civil Rights Law § 40-d, and the Nassau

1

County Administrative Code § 21-9.8 *et seq*. (ECF No. 1.) Specifically, Plaintiff, who suffers from a neurological disability (ECF No. 1 ¶ 22), alleges that CVS stacks merchandise in store aisles in a manner that "creates unlawful barriers" preventing her and others from having unobstructed access to CVS's merchandise and services.

Before the Court is Defendant's motion for protective order (ECF No. 27) and Plaintiff's motion to compel (ECF No. 32). First, Defendant requests a protective order that (1) CVS is not required to identify all of the current and former employees working at CVS Store #2134 since January 1, 2021 to the present and (2) denies Plaintiff's request to depose an unknown number of those current and former employees (ECF No. 27). Plaintiff strenuously opposes. (ECF No. 30.) Immediately following the motion for a protective order is Plaintiff's motion requesting that the Court compel Defendant to answer interrogatories concerning its financial condition and budget and produce responsive documents and information regarding the same. (ECF No. 32.) Defendant, of course, opposes. (ECF No. 33.) These two pending motions lead to the third, namely, Plaintiff's motion for extension of time to complete discovery. (ECF No. 31.)

For the reasons stated below, Defendant's motion for a protective order is **DENIED**, Plaintiff's motion to compel is **DENIED**, and Plaintiff's motion for an extension of time is **GRANTED** in part.

## RELEVANT BACKGROUND

Plaintiff has a neurological disability and must use a wheelchair for mobility purposes. (ECF No. 1 ¶ 22.) She claims that Defendant stacked merchandise in the middle of the store aisles which "creates unlawful barriers" that prevent Plaintiff and similarly situated individuals from traversing the store and having unobstructed access to CVS's merchandise and services like other customers. (*Id*. ¶¶ 1, 24.) She states that she made multiple complaints to both store

employees and CVS's corporate office, but to no avail. (*Id.*) As is relevant here, she claims that Defendant failed to make "the necessary readily achievable" modifications. (*Id.* ¶ 47.)

The Court held an initial conference as well as two status conferences with the parties. At each of the status conferences, the Court extended the discovery deadlines (ECF Nos. 22 and 25). Most recently, the Court granted Defendant's motion for extension of time which extended fact discovery through May 1, 2024 and expert discovery through August 1, 2024. (Electronic Order dated Feb. 29, 2024).

Defendant filed its motion for a protective order (ECF No. 27) and Plaintiff subsequently filed a motion for an extension of time to complete discovery in light of Defendant's motion and Plaintiff's anticipated motion to compel. (ECF No. 31.) Plaintiff states that although the parties have "completed numerous depositions and exchanged additional discovery," the parties need additional time to provide responses to requests for production of documents and there may even be a need for additional depositions once all discovery requests are complete. (*Id.*) She therefore requests a 60-day extension of the May 1, 2024 fact discovery deadline. (*Id.*) CVS consents to the 60-day extension only if the discovery extensions are limited in scope to the issues discussed in the pending motions. (*Id.*) The parties' arguments on the other two pending motions are discussed below.

## DISCUSSION

### I. Defendant's Motion for a Protective Order

Plaintiff served interrogatories requesting that CVS identify all persons that formerly and currently worked as a store associate at the premises since 2021. (ECF No. 27 at 1.) Defendant, however, objected that the information is irrelevant or not likely to lead to discovery of

3

admissible evidence, is duplicative of testimony already provided, and imposes an undue burden upon Defendant and its employees. (*Id.*)

Plaintiff's counsel also stated that he wished to depose all employees in Store #2134 "who are responsible for receiving and stocking merchandise and keeping and maintaining an accessible route." (*Id.*) Plaintiff previously deposed three witnesses[1] who testified about CVS's operations and policies and procedures and the application to Store #2134. (ECF No. 27 at 2.) Witnesses for Defendant agreed that CVS policies may not always be followed but they are ADA compliant and the obstructions are only temporary. (*Id.* at 3.) Defendant argues that testimony of hourly employees who follow managerial directions concerning merchandising and restocking is irrelevant, duplicative (and cumulative) to testimony already given. (ECF No. 27 at 3.)

Defendant also argues that the depositions of other store employees would be unduly burdensome. (*Id.*) Since January 2021—the time that Plaintiff requests—there have been 31 employees added in total for that store, with a number of them working at different stores. (*Id.*) Plaintiff would depose them in the middle of a workday and would disrupt their school, childcare, or job schedules. (*Id.*) Furthermore, CVS would be paying employees for their time spent at these depositions. (*Id.*)

On *relevance*, Plaintiff in turn states that deposing several former and current store associates at the store at issue from 2021 to the present can potentially expose credibility issues (such as biases or personal motives) in the testimony of the store managers' and corporate witnesses already deposed. (ECF No. 30 at 1, 3.)

Further, according to Plaintiff, CVS has many accessibility-related policies describing how employees need to keep a clear path of travel. (*Id.* at 2.) Although CVS's corporate

---

[1] They were Danielle Cyr, Senior Manager of Store Operations, Margarita Shaulov, District Leader overseeing Store #2134, and Michael Romero, Store Manager in July 2023. (ECF No. 27 at 2.)

4

witnesses stated that Defendant requires employees to receive related training, Defendant has not identified any store associates or a list of the trainings. (*Id*.) Romero, Shaulov, and Cyr testified that they are rarely at the subject store and Plaintiff thus states that deposing former employees who were responsible for the restocking and maintaining clear paths would demonstrate what Defendant's policy is related to these actions and whether the written policy is actually enforced. (*Id*.)

Further, the *scope* of the depositions is rather narrow and would address training, supervision, amount of merchandise brought form back room to the aisles, policies enforced, duration of barriers allowed, and changes to policies or procedures occurring after this action was commenced. (*Id*.)

Finally, the discovery will not be *unduly burdensome* because: (1) sitting for a deposition alone is not burdensome; (2) former employees' depositions will not cost Defendant anything; and (3) Plaintiff will not depose all current employees and would minimize disruption as the depositions would be 2 hours in length at most and 4 employees maximum. (ECF No. 30 at 3.)

Parties seeking cover from discovery may avail themselves of a motion for a protective order which, in effect, is the flip side of a motion to compel. Rule 26(c) affords protection for abusive or embarrassing discovery, providing that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Fed. R. Civ. P. 26(c)(1); *see Gordon v. Target Corp.*, 318 F.R.D. 242, 246 (E.D.N.Y. 2016) ("[T]he touchstone for determining whether to issue a protective order under Rule 26(c) lies, in the first instance, on a party's ability to establish good cause"). The burden is on the party seeking issuance of the order to show "good cause" through

5

"particular and specific facts" as opposed to "conclusory assertions." *Rofail v. United States*, 227 F.R.D. 53, 54–55 (E.D.N.Y. 2005).

"If the movant establishes good cause for protection, the court may balance the countervailing interests to determine whether to exercise discretion and grant the order." *Id.* at 55. "Because of the interest in broad discovery, the party opposing the discovery of relevant information, whether through a privilege or protective order, bears the burden of showing that based on the balance of interests the information should not be disclosed." *Fowler-Washington v. City of New York*, No. 19-CV-6590 (KAM) (JO), 2020 WL 5893817, at *3 (E.D.N.Y. Oct. 5, 2020) (internal quotation and citation omitted).

Defendant moves for a protective order stating that it need not identify all current and former employees at the store from January 1, 2021 through the present and their dates of employment and denying Plaintiff's request to depose an unknown number of those employees. (ECF No. 27.)

As to relevance, although Plaintiff has deposed three witnesses who testified to Defendant's governing policies and procedures concerning the maintenance of clear paths of travel (ECF No. 27 at 2-3), the employee-witnesses' testimony is *distinct* and could reveal what is done *in practice*, i.e., what they are told about clearing the path and how they are trained in comparison to what is actually done. CVS even conceded that some of the photos taken by Plaintiff "appear to show CVS policies have not always been followed." (ECF No. 27 at 3.) The information and testimony could also provide Plaintiff with evidence "that items placed in an aisle for purposes of restocking remain there more than temporarily." (ECF No. 33 at 2.); (*see also* ECF No. 27-1 at 4) ("Pltf. Dep. Tr.") ("They are not restocking anything. There is just [merchandise] all over the place."); (ECF No. 27-2 at 8) (Romero Dep. Tr.) ("There are

6

sometimes shortages of employees so things are left in aisle."). Thus, identifying and subsequently deposing these store employees could reveal information not previously known. *See Stan v. Wal-Mart Stores, Inc.*, 111 F. Supp. 2d 119, 125 (N.D.N.Y. 2000) (looking to whether the employees received training regarding service animals in stores and whether it conducted further training after plaintiff was injured to avoid recurrences); (*see also* ECF No. 30 at 2) (stating that managers were not always present at the store so the requested information could reveal whether policies were actually enforced).

Further, the information sought is not overbroad. The testimony would be limited to the topics of training, enforcement of policies, and practice of maintaining clear paths in the store. And the temporal scope is sufficiently narrowed from 2021 through the present. (*See* Pltf. Dep. Tr. at 3) (stating that plaintiff made complaints to corporate in November 2021.) This limitation will provide a picture of how practices have changed or even improved throughout that time period.

Finally, and perhaps most importantly, the information and the depositions would not cause an undue burden upon Defendant. Defendant estimates that the number of employees to be identified is only 40 employees. (ECF No. 27 at 3.); *see White v. Graceland College Ctr. For Prof'l Dev. & Lifelong Learning, Inc.*, 586 F. Supp. 2d 1250, 1258 (D. Kan. 2008) (finding that the company only had approximately 200 employees, so defendants would not have to produce "thousands of personnel files" and there was no support that responding to the discovery requests would be unduly burdensome). Notably, Defendant does not cite any genuine undue burden in actually identifying the current and former employees at Plaintiff's request.

CVS states that Plaintiff will depose "an unknown number" of these employees, but Plaintiff affirms that she only seeks to depose 3 or 4 employees at maximum. (ECF No. 30.)

Additionally, Rule 30 limits the number to ten depositions per party, and neither a stipulation or court ordered has extended that limit. *See* Fed. R. Civ. P. 30(a)(2)(A)(i). Defendant's objection that it would be unduly burdensome and even costly is unavailing and unsupported. Speculation that any of the depositions would cause a major disruption as to the deponents' work, school, or childcare schedules, especially given that Plaintiff stated that each deposition will only take two hours.[2] In sum, the discovery sought is proportional to the issues, claims and defenses in the case.

For the reasons explained above, Defendant has not established "good cause" and its motion for a protective order is therefore denied.

## II. Plaintiff's Motion to Compel

Plaintiff requests that Defendant designate a corporate witness to answer questions about its finances and budget and produce related documents. (ECF No. 32.) In particular, Plaintiff requested production of "[a]ll documents sufficient to determine net worth of Defendant, including year-end financial statements from 2020 to the present, including but not limited to the identification and value of all properties owned in whole or in part by Defendant. Included in this request are any tax returns, financial statements that relate to your assets, liabilities, gross and net income, and any amount of undistributed profits." (ECF No. 32 at 2.) Defendant objected, stating that the information is irrelevant and Plaintiff has not established that punitive damages are warranted and any reasonable juror already comprehends that CVS has "considerable financial resources." (*Id.*) As such, Defendant has not produced any responsive documents and has not designated a corporate witness to answer such questions. (*Id.* at 2.)

---

[2] Notably, the employees to be deposed here are not high-ranking executives that would cause an inappropriate disruption to Defendant's business. Even so, the disruption would be minimal. *See Markowitz v. Precipart Corp.,* No. 20-CV-5033 (GRB) (JMW), 2022 U.S. Dist. LEXIS 69984 (E.D.N.Y. Apr. 15, 2022) (granting the one-hour remote deposition of the global chief executive officer of the holding company).

Plaintiff has made several suggestions regarding the barriers in the aisles: (1) remove the floor displays and place merchandise on the shelves, and (2) only take out the merchandise from the backroom that is needed to restock the shelves, or restock outside of the store's operating hours. (ECF No. 32 at 1.) Plaintiff claims that the information is relevant to determine whether her request to modify CVS's policies and procedures would "fundamentally alter the nature of goods, services, facilities, privileges, advantages, or accommodations of the defendant." (ECF No. 32 at 3.) Overall, the information could help determine whether removing the barrier is "readily achievable." (*Id.*)

Defendant, in turn, submits that the information sought is not relevant to her claims nor is it reasonably calculated to lead to the discovery of admissible evidence. (ECF No. 33 at 1.) It states that Plaintiff only sets forth the above-described proposals for the first time. (*Id.*) It further maintains that Daniel DiTommaso (Executive Director of Store Layout and Design) already explained why removing the floor displays and placing merchandise on the shelves is not feasible. (*Id.* at 2.) This is because certain items are designated for specific shelves and shelves are usually empty only when items need to be restocked. (*Id.*) Therefore, CVS cannot simply place random items on empty shelves in the interim.

Plaintiff's second solution regarding taking out the merchandise from the backroom only when they are needed for restocking or restocking outside of the store's business hours, Defendant states that it is CVS's policy to take out items only when they are going to be restocked and that there are adverse effects if Defendant were to restock at a different time. (*Id.* at 2.) Indeed, its practices *allow* for movable displays to be in the aisles, as long as there is a 36-inch pathway for customers and in stores like #2134, displays can be situated on one side of the aisle. (*Id.*) Further, 28 C.F.R. § 36.304(f) states that "significant loss of selling and serving

9

space" is a defense for not removing a barrier. and DOJ guidance allows for a *temporary* blockage of the aisles. (*Id.*)

Defendant additionally argues that its financial and budget information is unnecessary and irrelevant for her to show whether the barrier removal is "readily achievable." (*Id.* at 3.) Defendant will provide a Fed. R. Civ. P. 30(b)(6) designee that will testify on "the potential impact of Plaintiff's proposals on Store #2134" which "may include calculations of the impact of lost selling space on the store's budget; the potential economic effects of removing displays; and the impact on Store #2134 of adding approximately thirty to forty payroll hours per week…without any corresponding increase in sales." (*Id.*) Some of CVS's financial information may be disclosed but this information, CVS says, is irrelevant. Nonetheless, "Plaintiff already has access to CVS Health's annual financial statements because it is a public traded company." (*Id.* at 3.) Finally, Defendant states this court should find, as others have, that divulging tax returns are private in nature. (*Id.*)

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Vaigasi v. Solow Mgmt. Corp.*, No. 11-CV-5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401). Moreover, "[t]he party seeking the discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Evans*

10

*v. Calise,* No. 92-CV-8430, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994); *see also Mandell v. The Maxon Co., Inc.*, No. 06-CV-460, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007) ("[T]he party seeking discovery bears the burden of initially showing relevance."). To that end, the discovery sought by the parties must be, as stated by Rule 26, proportional to the needs of the case, taking into consideration such aspects as the importance of the issues, the amount in controversy, the parties' resources and access to the information sought, and the importance of the information sought to the asserted claims or defenses. *Sibley v. Choice Hotels Int'l*, No. 14-CV-634 (JS) (AYS), 2015 WL 9413101, at *2–3 (E.D.N.Y. Dec. 22, 2015).

"Rule 26 has defined the scope of discovery to consist of information that is relevant to the parties' 'claims and defenses.'" *Pothen v. Stony Brook Univ.*, No. 13-CV-6170 (JFB) (AYS), 2017 WL 1025856, at *2 (E.D.N.Y. Mar. 15, 2017). "Thus, the discretionary authority to allow discovery of 'any matter relevant to the subject matter involved in the action' has been eliminated," and permissible discovery under Rule 26 must be relevant "to any party's claim or defense," and that means "proportional to the needs of the case." *Id.* at *3 (citing Fed. R. Civ. P. 26(b)(1)). Proportionality goes "hand-in-hand" with relevance. *New Falls Corp. v. Soni*, No. 16-CV-6805 (ADS) (AKT), 2020 WL 2836787, at *2 (E.D.N.Y. May 29, 2020). That is, the more relevant the information sought is, the less likely the Court would find the subject discovery disproportionate. *Id.*

Plaintiff previously made suggestions to eliminate the alleged barriers in the store. She now requests the production of CVS's financial documents and information and that CVS be compelled to designate a corporate witness to answer related questions to demonstrate the feasibility of implementing these proposals.

Under Title III of the ADA, discrimination includes "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities…*where such removal is readily achievable.*" 42 U.S.C. § 12182(b)(2)(A)(iv) (emphasis added).  Under the ADA, the phrase "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

To demonstrate whether an action is readily achievable, the Court considers:

> (1) the nature and costs of needed changes; (2) *the financial resources of the facility, number of employees, effect on expenses and resources, and other impact on the facility; (3) the financial resources and size of the defendant;* and (4) the type of operations at the facility and relationship between the facility and the defendant.

*Irish v. Tropical Emerald LLC Rainbow US, Inc.*, No. 18-CV-82 (PKC) (SJB), 2024 U.S. Dist. LEXIS 58936, at *21 (E.D.N.Y. Mar. 30, 2024) (citing 42 U.S.C. § 12181(9)) (emphasis added). The plaintiff has the initial burden of making a plausible proposal for barrier removal, where the costs do not exceed the benefits.  *Irish*, 2024 U.S. Dist. LEXIS 58936 at *21.

"Neither [plaintiff's] estimates nor the proposal are required to be exact or detailed, for the defendant may counter the plaintiff's showing by meeting its own burden of persuasion and establishing that the costs of a plaintiff's proposal would in fact exceed the benefits." *Kreisler v. Second Ave. Diner Corp.,* No. 10-cv-7592 (RJS), 2012 U.S. Dist. LEXIS 129298, at *20 (S.D.N.Y. Sept. 10, 2012).  "Once the plaintiff meets its burden, the burden shifts to the defendant to establish[] that the costs of a plaintiff's proposal would in fact exceed the benefits. Either party may include both monetary and non-monetary considerations." *Id.* (internal citations omitted).  "A plaintiff must provide *at least some* estimate of costs." *Id.* at *21. (emphasis added).

In *Perez v. Beres Bar & Pub, Inc.*, No. 16-CV-1729 (ILG), 2016 U.S. Dist. LEXIS 153802 (E.D.N.Y. Nov. 4, 2016), the plaintiff sued defendant pursuant to Title III of the ADA. The plaintiff requested information about defendant's income tax preparers and financial records custodians. *Id.* at *5. The defendant, however, objected on relevance grounds. The court found that the information concerning defendant's finances was "relevant to whether removing an architectural barrier to access is readily achievable." *Id.* at *6. The court emphasized that plaintiff has the burden of proving that proposed modifications are readily achievable which includes consideration of the entity's financial resources. *Id.*

In *Brown v. McKinley Mall, LLC*, No. 15-CV-1044G(F), 2017 U.S. Dist. LEXIS 82181 (W.D.N.Y. May, 30, 2017), plaintiff alleged violations of the ADA regarding handicapped individuals' access to a large shopping mall. The plaintiff sought "the amount in dollars of [d]efendant's cash and cash equivalents, investments, earnings and cash flow" to determine whether defendant could "absorb the costs of the barrier removals." *Id.* at *8. As to relevance, the court found no merit to defendant's objection, and noted that

> the financial circumstances of a property owner accused of discrimination based on a refusal to remove barriers to access to a public accommodation under the ADA, such as the McKinley Mall, [is] a relevant factor to be considered on the question of whether a proposed barrier removal is readily achievable.

*Id.* at *9-10. Finding the requested information relevant to plaintiff's ADA and state law claims, the court overruled defendant's objections for this request. *Id.* at *10. The court likewise overruled defendant's objections for the requested tax returns, financial projections or estimates of future growth, profitability, financial resources, annual operating budget, receipts over the past three years, and audited financial statements, for the same reasons. *Id.*

The information sought would certainly reveal information relevant to Plaintiff's claim. As was found in *Perez* and *Brown,* the information here would help her satisfy her burden in demonstrating that the proposals for barrier removal are indeed achievable.

However, Plaintiff has access to CVS Health's annual financial statements as it is a publicly traded company. (ECF No. 33 at 3.) This differs from the factual situations in *Perez* and *Brown* which did not involve publicly traded companies, like CVS here. Courts in this Circuit have denied motions to compel information when it is equally available to both parties. *See* Fed. R. Civ. P. 26(b)(1) (noting that parties can obtain relevant discovery which takes into account "the parties' relative access to relevant information"); *see also Ramos v. Town of E. Hartford,* No. 16-cv-166 (VLB) *,* 2016 U.S. Dist. LEXIS 174860, at *14 (D. Conn. Dec. 19, 2016) (denying plaintiff's request to compel defendants to produce U.S. Census data for East Hartford because it was "readily available in public records" and "[t]he [c]ourt will not require [d]efendants to do [p]laintiff's work for him"); *Levin v. Johnson & Johnson,* No. 16-CV-6631 (JFB) (AYS), 2017 U.S. Dist. LEXIS 192090, at *10 (E.D.N.Y. Nov. 20, 2017) (finding that plaintiff's request of a list of the ingredients in defendant's shampoo was irrelevant and the information sought was publicly available and readily accessible by plaintiff).

Notwithstanding the information already available to her, one of Defendant's corporate witnesses, DiTommaso, already explained why her proposal to remove floor displays from the customer aisles and place them on the shelves is not feasible—namely that each shelf is designated for certain merchandise. (ECF No. 33 at 2.) Regarding Plaintiff's other proposal to take out merchandise for immediate restocking and to restock outside of the store's business hours, CVS's explicit guidelines provide that merchandise should be brought out *only* when it is

to be restocked. (*Id.*) And other witnesses have stated that the restocking after hours would be difficult. (*Id.*)

Finally, CVS will be touching on the very information Plaintiff needs through an additional Fed. R. Civ. P. 30(b)(6) witness who will testify about the impact of Plaintiff's proposals on the store which can include at least some financial information about Store #2134. (ECF No. 33 at 3.)

Plaintiff has not explained why the information she already has in her possession is insufficient to sustain her burden of demonstrating that her proposals are "readily achievable." *See United States v. UBS Secs, LLC,* No. 18-CV-6369 (RPK) (PK), 2020 U.S. Dist. LEXIS 230302, at *26 (E.D.N.Y. Nov. 30, 2020) ("[T]o the extent the information in the requested documents may be relevant, Defendants have not shown why the publicly available information is insufficient"). Thus, although the financial information is relevant to Plaintiff's showing that her proposed solutions are readily achievable for CVS, the request is not proportional given that she has access to the relevant information and has not demonstrated a need for additional documents. Indeed, it is Plaintiff that must establish feasibility of the proposed suggestions. Therefore, Plaintiff's motion to compel financial and budgetary information from Defendant is denied.

### III. Motion for Extension of Time to Complete Discovery

Pursuant to Fed. R. Civ. P. 16(b)(1)(B), whenever an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after time has expired if the party failed to act because of excusable neglect. *See* Fed. R. Civ. P. 16(b)(1)(B); *see also* Jeremiah J. McCarthy, *Rule 16(b)(4): Is "Good Cause" a Good Thing? Why I Hate Scheduling Orders*, 16 Fed. Cts. L. Rev. 1 (2024) (discussing standards applied in determining

15

"good cause" under Rule 16). "It is the movant's burden to establish good cause." *Kontarines v. Mortgage Electronic Registration Systems, Inc.*, No. 15-CV-2206 (ARR), 2016 WL 3821310, at *3 (E.D.N.Y. July 12, 2016) (citations omitted). "Good cause requires that the delay stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake or comply with the Scheduling Order." *Jipeng Du v. Wan Sang Chow*, No. 18-CV-1692 (ADS) (AKT), 2019 WL 3767536, at *3 (E.D.N.Y. Aug. 9, 2019) (citations omitted). (internal quotation and citations omitted). "To satisfy the good cause standard the party must show that, despite its having exercised diligence, the applicable deadline could not have reasonably been met." *Leonard v. Abbott Laboratories, Inc.*, No. 10-CV-4676 (ADS) (WDW), 2012 WL 764199, at *3 (E.D.N.Y. Mar. 5, 2012) (internal quotations and citations omitted).

A court may consider other factors, such as prejudice to non-moving parties, but "diligence remains the central focus of the court's inquiry." *Desir v. Austin*, No. 13-CV-0912 (DLI) (VMS), 2015 WL 4546625, at *2 (E.D.N.Y. July 28, 2015) (citations omitted); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (movant must demonstrate good cause by showing that she exercised diligence). "The following factors are not compatible with a finding of diligence and do not provide a basis for relief: carelessness, an attorney's otherwise busy schedule, or a change in litigation strategy." *Furry Puppet Studio Inc. v. Fall Out Boy,* No. 19-CV-2345 (LJL), 2020 WL 4978080, at *1 (S.D.N.Y. Feb. 24, 2020) (citation omitted).

The Court finds that the parties have demonstrated good cause in light of the issues set forth in all three of the instant motions. In addition, Plaintiff was diligent in bringing this motion, filing it on the date that fact discovery was to conclude. (ECF No. 31.) There are no

16

negative circumstances exhibited by Plaintiff's counsel here. Plaintiff's request to extend the current discovery deadlines is therefore granted. However, the scope of the extended discovery is limited only to (1) the identification of all current and former employees working at CVS Store #2134 from 2021 to the present; (2) conducting a two-hour deposition for no more than four of those employees; (3) responding to Plaintiff's Third Request for Production of Documents (*see* ECF No. 31); and (4) deposing Defendant's Fed. R. Civ. P. 30(b)(6) witness who will testify about the impact of Plaintiff's proposals on the store which may include discussions of CVS's financial information (ECF No. 33 at 3). The revised deadlines are set forth as follows:

- End of fact discovery: **July 11, 2024**
- Identification of experts in chief and accompanying reports: **August 12, 2024**
- Identification of rebuttal experts and accompanying reports: **September 10, 2024**
- End date of all discovery: **October 21, 2024**
- Last date to take first step for first steps of summary judgment motion practice: **November 4, 2024** and
- The Final Pre-Trial Conference is rescheduled for **November 25, 2024 at 10:00 AM via the Court's Zoom.**

The parties should note that these extensions constitute the *final* dates and deadlines and no further extensions will be granted regarding discovery in this case. *In re Harris*, 228 B.R. 740, 745 (Bankr. D. Ariz. 1998) ("[t]he plain meaning of the word 'final' means final").

## CONCLUSION

For the reasons stated, Defendant's Motion for a Protective Order (ECF No. 27) is **DENIED**; Plaintiff's Motion to Compel (ECF No. 32) is **DENIED;** and Plaintiff's Motion for Extension of Time to Complete Discovery (ECF No. 31) is **GRANTED in part**.

Dated: Central Islip, New York
May 13, 2024

S O  O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

17