UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

GINA BARBARA, *individually and on behalf of all
others similarly situated,*

              Plaintiff,

                                           **<u>ORDER</u>**

        -against-                      23-CV-03298 (JMA) (JMW)

CVS ALBANY L.L.C.,

              Defendant.

--------------------------------------------------------------------X

**A P P E A R A N C E S:**

        James E. Bahamonde, Esq.
        **James E. Bahamonde, P.C.**
        2501 Jody Court
        North Bellmore, NY 11710
        *Attorney for Plaintiff*

        Erik P. Pramschufer, Esq.
        **Saul Ewing LLP**
        1270 Avenue of the Americas, Suite 2800
        New York, NY 10020
        *Attorney for Defendant*

        Robert L. Duston, Esq.
        **Saul Ewing LLP**
        2600 Virginia Avenue, NW, Suite 1000
        Washington, DC 20037
        *Attorney for Defendant*

**WICKS,** Magistrate Judge:

       Plaintiff Gina Barbara commenced this action against Defendant, CVS Albany L.L.C.,

alleging that it violated Title III of the Americans with Disabilities Act ("ADA"), the New York

State Human Rights Law § 296, the New York State Civil Rights Law § 40-d, and the Nassau

1

County Administrative Code § 21-9.8 *et seq*.  (ECF No. 1.)  Specifically, Plaintiff, who suffers

from a neurological disability (ECF No. 1 ¶ 22), alleges that CVS stacks merchandise in store

aisles in a manner that "creates unlawful barriers" preventing her and others from having

unobstructed access to CVS's merchandise and services.

The Court previously decided several discovery issues raised by the parties.  (ECF No.

34.)  The current motions include relief sought that stem from the Court's prior Order: (1)

Plaintiff brings a motion to compel documents and information related to the impact of any

removals and to "whether the nature of goods, services, facilities, privileges, advantages or

accommodations [would be] fundamentally altered" if Plaintiff's proposals are implemented

(ECF No. 35); (2) Plaintiff brings a second motion to compel seeking information regarding how

the amount of payroll hours are determined and allocated, "defendant's assessment of the impact

that would be caused if CVS allocates more payroll hours," and identification of "the number of

daily work hours scheduled since January 2021" (ECF No. 36); and (3) Defendant brings a

motion to amend the undersigned's prior Order at ECF No. 34 to permit its designation of Mr.

Campbell under Rule 30(b)(6) (ECF No. 38).  All three motions are opposed.  (ECF Nos. 37, 39,

and 40.)

For the reasons stated below, Plaintiff's first motion to compel (ECF No. 35) is

**GRANTED**; Plaintiff's second motion to compel (ECF No. 36) is **DENIED** without prejudice,

and Defendant's motion to amend (ECF No. 38) is **GRANTED** in part**.**

## BACKGROUND

Plaintiff has a neurological disability and must use a wheelchair for mobility purposes.

(ECF No. 1 ¶ 22.)  She claims that Defendant stacked merchandise in the middle of the store

aisles which "creates unlawful barriers" that prevent Plaintiff and similarly situated individuals

from traversing the store and having unobstructed access to CVS's merchandise and services like other customers.  (*Id.* ¶¶ 1, 24.)  She states that she made multiple complaints to both store employees and CVS's corporate office, but to no avail.  (*Id.*)  As is relevant here, she claims that Defendant failed to make "the necessary readily achievable" modifications.  (*Id.* ¶ 47.)

The Court held an initial conference as well as two status conferences with the parties. At each of the status conferences, the Court extended the discovery deadlines (ECF Nos. 22 and 25).  Most recently, the Court granted Defendant's motion for extension of time which extended fact discovery through May 1, 2024 and expert discovery through August 1, 2024.  (Electronic Order dated Feb. 29, 2024).

Defendant subsequently filed a motion for a protective order (ECF No. 27) requesting that CVS should not be required to identify all of the current and former employees working at CVS Store # 2134 from January 1, 2021 to the present and that the Court deny Plaintiff's request to depose an unknown number of those current and former employees.  Plaintiff subsequently filed a motion to compel Defendant to answer interrogatories about its financial condition and budget and produce responsive information and documentation regarding the same.  (ECF No. 31.)

The Court found that Plaintiff's request to identify and depose the store employees was relevant, not overbroad, and would not cause an undue burden on Defendant and therefore denied Defendant's motion for a protective order.  (ECF No. 34 at 6-8.)  The Court next found that although the financial information Plaintiff sought in her motion to compel was relevant, she would be able to obtain the necessary documents and information from public information and depositions.  (*Id.* at 14-15.)  Her motion to compel was denied.  Finally, the Court extended the scope of discovery to allow time for CVS to identify the employees and for Plaintiff to conduct

3

the appropriate depositions of those employees, for CVS to respond to Plaintiff's Third Request for Production of Documents, and for Defendant's corporate witness to testify which could include financial information about CVS. (*Id*. at 17.) The fact discovery deadline was accordingly extended until July 11, 2024 and all discovery was extended to October 21, 2024. (*Id*.)

## DISCUSSION

### A. Motion to Compel
#### a. Legal Standard

Under the Federal Rules,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Vaigasi v. Solow Mgmt. Corp.*, No. 11-CV-5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401). Moreover, "[t]he party seeking the discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Evans v. Calise*, No. 92-CV-8430, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994); *see also Mandell v. The Maxon Co., Inc.*, No. 06-CV-460, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007) ("[T]he party seeking discovery bears the burden of initially showing relevance."). To that end, the discovery sought by the parties must be, as stated by Rule 26, proportional to the needs of the case, taking into consideration such aspects as the importance of the issues, the amount in controversy,

4

the parties' resources and access to the information sought, and the importance of the information sought to the asserted claims or defenses. *Sibley v. Choice Hotels Int'l*, No. 14-CV-634 (JS) (AYS), 2015 WL 9413101, at *2–3 (E.D.N.Y. Dec. 22, 2015).

"Rule 26 has defined the scope of discovery to consist of information that is relevant to the parties' 'claims and defenses.'" *Pothen v. Stony Brook Univ.*, No. 13-CV-6170 (JFB) (AYS), 2017 WL 1025856, at *2 (E.D.N.Y. Mar. 15, 2017). "Thus, the discretionary authority to allow discovery of 'any matter relevant to the subject matter involved in the action' has been eliminated," and permissible discovery under Rule 26 must be relevant "to any party's claim or defense," and that means "proportional to the needs of the case." *Id.* at *3 (citing Fed. R. Civ. P. 26(b)(1)). Proportionality goes "hand-in-hand" with relevance. *New Falls Corp. v. Soni*, No. 16-CV-6805 (ADS) (AKT), 2020 WL 2836787, at *2 (E.D.N.Y. May 29, 2020). That is, the more relevant the information sought is, the less likely the Court would find the subject discovery disproportionate. *Id.*

### b. Plaintiff's First Motion (ECF No. 35)
#### i. The Parties' Contentions

Plaintiff requests the Court to compel Defendant to disclose documents and information responsive to requests numbers 14-20 and 22. (ECF No. 35 at 2.) Plaintiff lodged a bevy of proposals to fix Defendant's shortcomings with respect to accessibility[1] and has now requested that Defendant produce the following documents and information in her request for production of documents:

---

[1] Plaintiff's proposals include: taking the merchandise out of the backroom only when it will be immediately restocked; receiving deliveries and restocking outside of public store hours; sending restocking totes to stores with merchandise; and increasing the number of payroll hours to restock. (ECF No. 37 at 1.) And, as for the barriers on the floor in the aisles, Plaintiff proposes restricting merchandise to shelving only, or in the alternative, keeping merchandise in the backroom until there is space for it on the shelves or scheduling smaller or less frequent deliveries of such items; and removing floor displays from the aisles or otherwise placing the displays against the fixed shelves with no merchandise. (*Id*. at 2.)

- #14: Documents and communication that evaluate the difficulty, costs, or impact of removing movable displays from the sales aisle floor;
- #15: Documents and communication which evaluate the difficulty, cost, or impact of removing movable displays from the sales aisle floor to a location somewhere else in the Store;
- #16: Documents and communication which evaluate the difficulty or impact of restocking self-service shelves when the Store is not open to the public;
- #17: Documents and communication which evaluate the difficulty or impact of packing totes with merchandise based on its in-store location;
- #18: Documents and communication that assesses whether the nature of goods, services, facilities, privileges, advantages or accommodations are fundamentally altered if CVS limits restocking self-service shelves when the Store is not open to the public;
- #19: Documents and communication that assesses whether the nature of goods, services, facilities, privileges, advantages or accommodations are fundamentally altered if CVS removes the movable displays from the sales aisles floor;
- #20: Documents and communication that assess whether the nature of goods, services, facilities, privileges, advantages or accommodations are fundamentally altered if CVS changes is method of packing totes with merchandise based on its in-store location; and
- #22: Documents and communication that assess whether the nature of goods, services, facilities, privileges, advantages or accommodations are fundamentally altered if CVS allocates more payroll hours to the Store.

(*Id*. at 1-2.)

Defendant has cited several objections to Plaintiff's requests, including attorney client and work-product privilege, that the requests seek conclusions of law, are too vague, or are overbroad and unduly burdensome since the material is not limited to Store #2134.  (ECF Nos. 35-1 and 37 at 2.)  CVS further states that a Fed. R. Civ. P. 30(b)(6) designee will discuss financial information for Store #2134 and produce documents that the designee will rely on. (ECF No. 37 at 2.)  Defendant states that no non-privileged documents exist for several of the requests or information has otherwise already been discussed via deposition testimony.  (*Id*.)

However, Plaintiff has assured Defendant that the information she seeks is *not* privileged or is a conclusion of law.   (ECF No. 35 at 3.)  She further states she is entitled to the documents and information, not just the ones Defendant's corporate designee will rely on.  (*Id*.)

### ii.  Application

As the undersigned stated in the prior Order, and as Defendant acknowledges, Plaintiff carries the initial burden of showing the cost of removing barriers does not exceed the benefits and then Defendant must demonstrate why Plaintiff's proposals would *not* be readily achievable. *See Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 373 (2d Cir. 2008) (stating that under the barrier removal provision, a plaintiff must "articulate a plausible proposal for barrier removal, the costs of which, facially, do not clearly exceed its benefits…[T]he defendant may counter the plaintiff's showing by meeting its own burden of persuasion and establishing that the costs of a plaintiff's proposal would in fact exceed the benefits").  Obtaining the information in request numbers 14 through 20 and 22 is important and necessary as it lies at the heart of Plaintiff's claims and defenses.

Still, the Court finds Plaintiff's requests for information across all stores to be overbroad. CVS has over 9,000 locations in the United States alone.  *See Neighborhood Pharmacy*, CVS, https://www.cvshealth.com/services/pharmacy/neighborhood-pharmacy.html (last visited July 29, 2024).  That is, the request is out of proportion to the claims, defense and relief sought in this action.  Considering the obvious burden this would impose on Defendant, Plaintiff shall limit its requests specifically to Store #2134—the store at issue.  *See Roach v. T.L. Cannon Corp.*, No. 3:10-CV-0591 (TJM/DEP), 2012 U.S. Dist. LEXIS 205505, at *2, 12 (N.D.N.Y. Aug. 1, 2012 (denying motion to compel time records from all Applebee's locations for eight years in part because the request was unduly burdensome); *Lureen v. Holl*, 4:17-CV-04016-LLP, 2017 U.S. Dist. LEXIS 140420, at *14-16 (D.S.D. Aug. 31, 2017) (denying motion to compel where plaintiff's request for complaints of discrimination across all 44,000 Subway restaurants was overbroad and unduly burdensome and plaintiff failed to meet and confer and limit the scope of the request).  Additionally, to the extent that Defendant does not have any non-privileged

documents, it should submit to Plaintiff a privilege log.  *PKFinans Int'l Corp. v. IBJ Schroder Leasing Corp.*, No. 96 Civ. 1816 (SAS)(HBP), 1996 U.S. Dist. LEXIS 13505, at *10 (S.D.N.Y. Sept. 16, 1996) ("[A] party asserting a privilege must produce a privilege log detailing the nature of the privilege, the type, subject matter and date of the alleged privileged document, as well as the author and addressee of the document."); *Fine v. ESPN, Inc.*, 5:12-CV-0836 (LEK/DEP), 2015 U.S. Dist. LEXIS 68704, at *35 (N.D.N.Y. May 28, 2015) ("Courts generally require the party asserting privilege to produce a privilege log."); *see also* E.D.N.Y. Local Civ. R. 26.2.

Accordingly, Plaintiff's motion is granted subject to the above limitations.

### c.  Plaintiff's Second Motion (ECF No. 36)
#### i.  The Parties' Contentions

Plaintiff requests an order stating that Defendant must comply with her requests for production.  (ECF No. 36 at 1.)  The documents she seeks are:

- #21: Documents and communication which illustrates how the amount of payroll hours is determined and allocated;
- #22: Documents and communication which demonstrate the assessment made by CVS of the impact of allocating more payroll hours; and
- #24: Documents which identify the number of daily work hours are scheduled since January 2021.

(*Id*. at 2.)

She states that Defendant's objections are merely boilerplate ones (*i.e.*, the requests are overbroad, unduly burdensome, not reasonably calculated to lead to admissible evidence), that they otherwise claim the documents are privileged or no responsive ones exist, or that the documents and information seek a conclusion of law.  (ECF No. 36 at 2.)

However, Defendant states that the issue at this juncture is whether the requested information is reasonably calculated to lead to admissible evidence to support Plaintiff's argument that types of proposals are readily achievable or rebut CVS's defenses.  (ECF No. 39 at 1.)  Therefore, the requests are irrelevant to the present issues in this matter.

Defendant further states that almost all of her proposals suffer from vagueness, and she cannot conduct unlimited and burdensome discovery.  (ECF No. 39 at 2.)  For example, she does not set parameters regarding her proposal to increase the number of employees to restock.  (*Id*.)

Despite the lack of relevance that Request No. 21 has on the financial impact of the store, CVS has been looking into Plaintiff's requests.  (ECF No. 39 at 2.)  ("We are investigating Plaintiff's Request but believe it unlikely that there are any records describing how and why payroll hours are determined specifically for Store 2134.")  Defendant affirms that if there are no responsive documents, CVS will so advise Plaintiff's counsel.  (*Id*.)

*Secondly*, as to the assessment by CVS of the impact of allocating additional payroll hours (Request No. 22), Zachary Smith, Vice President of Finance for Front Store Operations, is a Rule 30(b)(6) witness who was deposed on June 21, 2024 to address financial implications of Plaintiff's proposals.  (ECF No. 39 at 1, 3.)  Otherwise, Defendant affirms there are no responsive documents for this request.  (*Id*. at 3.)

*Finally*, as to Request No. 24, the daily work schedules may not be able to be retrieved from the payroll database and Defendant's witnesses previously testified on the issue.  (ECF No. 39 at 3.)

### ii.  Application

Defendant has demonstrated that the documents requested are not material or relevant given that the information will not reveal evidence that Plaintiff's proposals are "readily achievable."  Regardless, Zachary Smith, Defendant's corporate witness, along with its other witnesses, would have already testified about the financial impact of removing movable displays and daily work schedules.  Further, Defendant states that it *will* provide non-privileged, responsive documents in its possession.  However, to the extent that there no other responsive documents to be produced, Defendant must provide a sworn affidavit to Plaintiff stating the

same.  *See Oglesby v. Alltran Fin. L.P.*, No. 19 CV 1834 (AMD) (CLP), 2020 U.S. Dist. LEXIS 10882, at *5 (E.D.N.Y. Jan. 17, 2020) (requiring defendants to submit affidavits from records custodians stating that no relevant responsive documents to the requests exists but if there are responsive documents, they should be provided, subject to privilege assertions, which should include a privilege log);  *Middle Mkt. Fin. Corp. v. D'Orazio*, No. 96 Civ. 8138 (SWK) (HBP), 1997 U.S. Dist. LEXIS 22944, 1997 WL 394958, at *2-3 (S.D.N.Y. July 11, 1997) (requiring affidavit that no responsive documents exist); *Hannah v. Wal-Mart Stores, Inc*., 3:12CV1361 (JCH), 2014 U.S. Dist. LEXIS 75745, at *9 (D. Conn. June 3, 2014) (requiring plaintiffs to provide a sworn statement in their responses for defendants' requests for production that "after a diligent search, all responsive documents have been produced or that no responsive documents have been found"); *Parmetex, Inc. v. Avalanche Maritime, Ltd.*, 91 Civ. 5738 (CSH), 1992 U.S. Dist. LEXIS 18204, at *2 (S.D.N.Y. Dec. 1, 1992) ("Whenever it is claimed that documents referred to…are unavailable…or non-existent, the party taking that position must provide an affidavit on personal knowledge of the person who made the search or reviewed the documents and decided they were 'not responsive.'").  Further, if the responsive documents to be produced are deemed confidential or proprietary (ECF No. 39 at 2), they shall be submitted in accordance with the Confidentiality Stipulation and Order filed at ECF No. 19.

Accordingly, Plaintiff's motion to compel is denied without prejudice with leave to renew if Plaintiff has not received the documents and information from Defendants directly or through scheduled depositions.

**B.  Defendant's Motion to Amend (ECF No. 38)**

Defendant requests clarification or an amendment of the undersigned's May 13, 2024 Order.  (ECF No. 34.)  As relevant here, in that Order, the Court extended the discovery

deadlines to allow time for Defendant's 30(b)(6) deposition witness to testify regarding the financial impact of Plaintiff's proposals.  (*Id*. at 17.)

However, prior to the Court's issuance of that Order, Plaintiff requested that Defendant designate a witness to testify about various categories of information.  (ECF No. 38 at 1.) Defendant designated several different witnesses for these categories, some of which have already testified.  (*Id*.)  Because some of the previously designated witnesses could not answer certain questions, Defendant assigned Edward Campbell (Regional Leader who oversaw the store at issue) to supplement those responses.  Defendant put Plaintiff's counsel on notice on May 6, 2024—*a week before the Court's Order at ECF No. 34*—that it would designate a few other witnesses to address all issues.  (*Id*. at 1, 3.)

Plaintiff opposes stating (1) Defendant's motion to amend is actually a motion for reconsideration; (2) the court should deny the motion nonetheless in the interest of fairness given that Defendant did not consent to Plaintiff's motion to extend the time to complete discovery and Defendant chose not to meet and confer about any discovery beyond the scope of the Court's May 13, 2024 Order; and (3) the motion seeks to introduce irrelevant discovery in that Campbell will testify about a past settlement agreement between CVS and the Equal Rights Center in D.C., but the agreement is not directly related to Plaintiff's claims with the exception of the maintenance of accessible features.  (ECF No. 40.)

In light of Defendant's putting Plaintiff on notice of its intent to include other witnesses, Defendant's motion to amend is granted only to allow Defendant to designate Mr. Campbell as a witness and to allow time for Plaintiff to depose him if she chooses.  Further, given that the prior Order allowed time for deposing Defendant's 30(b)(6) witness "who will testify about the impact of Plaintiff's proposals on the store which may include discussions of CVS's financial

information," the deposition shall *only* cover relevant topics related to the same.  (ECF No. 34 at 17.); *see Fernandez v. City of New York*, 21-CV-680 (ALC) (OTW), 2023 U.S. Dist. LEXIS 101231, at *2 (S.D.N.Y. May 16, 2023) (stating that deposition topics must be relevant to a party's claim or defense pursuant to Fed. R. Civ. P. 26 and must additionally be "proportional to the needs of the case, not unduly burdensome or duplicative, and described with reasonable particularity") (internal citations omitted).

## CONCLUSION

For the foregoing reasons, the motions are decided as follows:

- Plaintiff's first motion to compel (ECF No. 35) is GRANTED as it relates to Store # 2134;

- Plaintiff's second motion to compel (ECF No. 36) is DENIED without prejudice with leave to renew if all information is not obtained from discovery or depositions, and

- Defendant's motion to amend (ECF No. 38) is GRANTED to allow Defendant to designate Mr. Campbell as a witness.

Additionally, given that discovery has concluded on July 11, 2024, the Court will re-open the fact discovery deadline to allow time to comply with this Order.  Fact discovery shall conclude on August 20, 2024.  All other dates and deadlines remain in effect.  (*See* ECF No. 34 at 17.)

Dated: Central Islip, New York
       July 30, 2024

S O   O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

12